# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**WANDA GONZALEZ,**

    **Plaintiff,**

v.                                    CASE NO. 8:08-CV-659-T-EAJ

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

## ORDER

Before the court are Plaintiff's **Unopposed Motion for Attorney's Fees** and Plaintiff's **Attorney's Affidavits in Support** (Dkt. 23). Plaintiff requests an award of attorneys' fees in the amount of $2,080.93 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1992) (Dkt. 23 at 5). Plaintiff seeks attorneys' fees for 12.33 hours of work at a rate of $168.77 per hour by attorney Suzanne Harris (Id.). Defendant has no objection to Plaintiff's application (Dkt. 23 at 2). As will be discussed infra, Plaintiff has satisfied all jurisdictional requirements for this court to grant the instant motion for attorneys' fees.

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an award unjust. § 2412(d)(1)(A). This court's order remanding this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) (Dkt. 24) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993). In this case, the Government's position was not substantially justified.

The EAJA requires a party seeking an award of fees to submit an application for such fees to the court "within thirty days of final judgment in the action." § 2412(d)(1)(B). The EAJA defines "final judgment" as a judgment that is "final and not appealable." § 2412(d)(2)(G). Thus, in sentence four cases, the period for requesting an award of fees begins after the final judgment is entered by the court and the appeals period has run, so that the judgment is no longer appealable. Schaefer, 509 U.S. at 298. See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 n.3 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorneys' fees begins after the court enters final judgment and the sixty-day appeals period has run).

Judgment for Plaintiff was entered on October 29, 2008 (Dkt. 27), and Plaintiff's motion for attorneys' fees (Dkt. 28) was filed on January 27, 2009. Accordingly, this court has jurisdiction to award the requested fees.

Moreover, as the hourly rate and number of hours are not in dispute, the court finds it unnecessary to determine whether the application, if contested, otherwise complies with the EAJA. This court will therefore grant Plaintiff's request for attorneys' fees.

Finally, Plaintiff requests that the fee award be paid directly to her (Dkt. 23 at 5). This comports with applicable case law: the Eleventh Circuit recently held that the EAJA statute unambiguously requires an attorneys' fee award to be paid directly to the prevailing party and not to the party's attorney. Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir. 2008) (citation omitted). Therefore, the attorneys' fees award shall be paid directly to Plaintiff.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's **Unopposed Motion for Attorney's Fees** (Dkt. 23) is **GRANTED**; and

(2) Plaintiff is awarded $2,080.93 in attorneys' fees, to be paid directly to Plaintiff.

**DONE AND ORDERED** in Tampa, Florida this 2nd day of February, 2009.

ELIZABETH A JENKINS
United States Magistrate Judge